* Curia, per

O’Neall, J.
In this case, I have been unable to discover any error in the opinion and judgment below. But a majority of the Court of Errors are not prepared to go as far as I did, and rule the clause of the Act of ’39, under consideration, to be unconstitutional. They, however, agree with me, that it is, in its words, prospective, and did not justify the imposition of the tax assessed by the tax collector. The reasons assigned, in my opinion below, for this conclusion, are satisfactory to them, and need not be re-stated.
It has, however, been objected by the Attorney-General, in his argument here, that the writ of prohibition did not lie to prohibit the enforcement of a tax execution. I concede that if we were obliged to resort for authority, in this respect, to English precedents, wo could not sustain this proceeding. For, according to them, the writ of prohibition only lies to prohibit the enforcement of the judgment of an inferior jurisdiction, where it has proceeded without jurisdiction, or where, having jurisdiction, it has exceeded it.
But in this State it has had a wider operation. For the want of a better remedy, it has been allowed to restrain the enforcement of tax executions. How this practice began, it is difficult, as well as unimportant, to ascertain. It may be that it was allowed on the notion that a tax collector, although a ministerial officer, exercised a sort of judicial power, in deciding that a person who denied his liability to pay a tax, should, notwithstanding, pay it, and in issuing an execution to enforce that decision. This last is so much an incident of the judgment of a Court *273 of general and limited jurisdiction, tliat when found to follow from the decision of a ministerial officer, it may well justify the application of a writ to him, which would be otherwise wholly inappropriate.
Be this, however, as it may, the practice is well established, has never been before questioned, has operated to the protection of the citizens ; and, so far as our experience or information extends, has effected no injury, and produced no inconvenience. We are, therefore of opinion, that it ought not now to be disturbed, for the sake of obtaining precise and technical conformity to the English precedents. The motion is dismissed.
*G1antt, Evans, Earle, and Butler, JJ., and D. Johnson, Ch., concurred.